Case 06-13593-RBR    Doc 23    Filed 09/18/06    Page 1 of 6

ORDERED in the Southern District of Florida on _____ 09/18/06 _____.



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:                                               Case No. 06-13593-BKC-RBR

Jeff M. Weinraub and                                 Chapter 13
Enid Weinraub,
      Debtors.
_____/

### ORDER AND MEMORANDUM OF LAW ON DEBTOR'S MOTION TO RECONSIDER

THIS MATTER came before the Court for hearing on September 8, 2006, upon amended motion filed by the Debtor to Amend Dismissal Order and Other Relief. Case #06-13593, C.P. 16. The Court, having reviewed the Motion, and having considered the arguments of counsel, and being otherwise duly advised, grants, in part, the motion for the reasons that follow.

The Debtors filed their first petition (Case # 06-10195) for bankruptcy under Chapter 13 on January 25, 2006. Case #06-10195, C.P. 1. On March 8, 2006 one of the creditors filed a Motion to Dismiss the Chapter 13 Case for "Bad Faith". Case #06-10195, C.P. 23. Unfortunately, neither the Debtors nor their Counsel, Mr. Jeffery P. Kaiser, attended the hearing on the Motion to Dismiss and an Order Dismissing the Case was entered on June 2, 2006. Case #06-10195, C.P. 43. The Debtors then filed an Emergency Motion to Shorten the Prejudice Period (Case #06-10195, CP 53), which was granted. Case #06-10195, C.P. 54. Less than 5 days later, the Debtors filed a new Chapter 13 petition. Case #06-13593, C.P. 1. However, the Debtors case was dismissed for

Page 1 of 6

failure to file: (i) a Chapter 13 plan, (ii) payment advices, and (iii) a certificate of credit counseling. Case #06-13593, C.P. 12. Subsequently, and after obtaining new counsel, the Debtors filed the amended motion to amend, which is the subject matter currently before the Court. There are two rules of Federal Civil Procedure which are applicable to this case. The first is FED. R. CIV. P. 59(e) and the second is FED. R. CIV. P. 60.

Federal Rule of Civil Procedure 59(e) is made applicable to bankruptcy proceeding by FED. R. BANKR. P. 9023. Rule 59(e) states in pertinent part "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Thus, the Debtors had 10 days from the August 22, 2006 Dismissal Order to file a motion under FED. R. CIV. P. 59(e). *See* Case #06-13593, C.P. 12. Unfortunately, the 10-day period expired on September 1, 2006, and the Debtors original Motion for Rehearing was not filed until September 5, 2006. *See Scrible v. Miller*, No.1:05CV166, 2006 U.S. Dist. LEXIS 51002, at *6 (N.D. W. Va. Jul. 25, 2006)(permitting the Clerk to withdraw the original motion and substitute an amended motion in lieu of the first one). Therefore, under FED. R. CIV. P 59(e), the Debtors Motion fails on the threshold issue of timeliness and is untimely as far as FED. R. CIV. P. 59(e) is concerned.

Turning to FED. R. CIV. P 60(b), which is made applicable to bankruptcy cases by FED. R. BANKR. P 9024, the Debtors Motion meets the "excusable neglect" of 60(b)(1). Fed. R. Civ. P. 60(b)(1). FED. R. CIV. P 60(b)(1) permits the Court to "relieve a party from a final judgment, order or proceeding for... excusable neglect." FED. R. CIV. P 60(b)(1).

In determining the existence of "excusable neglect" the United States Supreme Court noted that the test is "at bottom an equitable one, taking account of all relevant circumstances surrounding a party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court then adopted a four-factor test, which consists of: (i) prejudice to the Debtor; (ii) length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *Id.* at 395.

In the present case, the prejudice to the Debtor of the Dismissal Order (Case #06-13593,

CP 12) is substantial. If the Dismissal Order stands and is not amended, then the Debtor would be forced to file a third petition. The filing of a third petition would be prejudicial to the Debtor because of the operation of 11 U.S.C. §362(c)(3). Under §362(c)(3) a Debtor who files a petition for a second or third time receives an automatic stay that ceases 30 days after the petition. 11 U.S.C. §362(c)(3)(B). This shortened stay would force the Debtors to file an emergency motion, under §362(c)(3)(B) demonstrating their "good faith." *Id.*

Acknowledging the Supreme Court's directive to weigh "all relevant circumstances" it must be considered that the disputed asset at stake here is the homestead of the Debtor. *See Pioneer*, 507 U.S. at 395. Therefore, if the stay was not re-imposed by emergency motion within the 30 days the Debtors would be evicted from their home. *See* Case #06-13593, C.P. 16 at footnote 1 (noting that there is a Default Judgment of Eviction and Writ of Possession against the Debtors in Broward County Court). Accordingly, the Debtors are greatly prejudiced if they are not accorded relief from the Dismissal Order. Case #06-13593, CP 12.

The length of the delay from the date of discharge to the filing of the emergency motion had little effect, if any, on judicial proceedings. From the date of entry of the order on August 22, 2006 (Case #06-13593, C.P. 12) until the filing of the emergency motion two weeks elapsed. Furthermore from the deadline contained in the deficiency notice (Case #06-13593, C.P. 6) until the filing of the emergency motion ( Case #06-13593, C.P. 15), only twenty-days passed. This small delay is similar to the situation in *Rhino Cellular, Inc. v. Greenberg*. *Rhino Cellular v. Greenberg*, No.06-10328, 2006 U.S. App. LEXIS 14266 (11th Cir. June 9, 2006).

In that case, counsel for Rhino Cellular failed to appear at a pretrial hearing. *Id.* at 3-4. At the hearing, Greenberg, the debtor, moved for and was granted a dismissal of the complaint. *Id.* at 4. Rhino Cellular then moved for reconsideration based on excusable neglect under FED. R. CIV. P. 60(b). *Id.* at 5. The bankruptcy court ruled that the delay would "unfairly delay resolution of Greenberg's bankruptcy filings." *Id.* at 6. Both the district court and the 11th Circuit Court of Appeals disagreed with that ruling. *See Id.* at 7-8 (stating that "[t]he district court... disagreed that

a twenty-one day delay for resolution of Greenberg's bankruptcy filing would unduly delay justice..."); see also Id. at 14 ("the bankruptcy court erred in finding that a delay of twenty-one days constituted prejudice..."). Based on the foregoing, a twenty-day delay, from the date to fix the deficiencies listed in C.P. 6, does not constitute an undue delay nor does it have a substantive negative impact on judicial proceedings.

The Debtors must also show the reason for the delay and whether the reason was within the movant's control. See Pioneer, 507 U.S. at 395. The Supreme Court in Pioneer, stated that "clients must be held accountable for the acts and omissions of their attorneys". Pinoeer 507 U.S. at 396-97 ("[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent")(quoting Link v. Washburn R. Co., 370 U.S. 626, 633 (1962)). This led the Supreme Court to note that the proper focus is "whether the neglect of [the client] *and their counsel* was excusable. Id. (emphasis in original).

In Greenberg, the 11th Circuit Court of Appeals reversed the denial of the Motion to Reconsider. Greenberg v. Rhino Cellular, Inc., No.06-10328, 2006 U.S. App. LEXIS, 14266 at 15 (11th Cir. 2006). The Greenberg court also noted that there was evidence of "deficient performance" by Rhino's counsel. Id. at 14. The deficiencies that were attributed to counsel included: (i) failure to file for a continuance, (ii) failure to conduct discovery, and (iii) failure to appear at a hearing. See Id. at 3-4. Although these happenings were the fault of Rhino and its counsel, the court nonetheless determined that dismissal order should be vacated. See Id. at 14-15. Another 11th Circuit case came to the same result. In Walter v. Blue Cross, Walter sought to set aside an order of dismissal after her attorney failed to respond to a motion dismiss in a timely manner. Walter v. Blue Cross & Blue Shield United, 181 F.3d 1198, 1199 (11th Cir. 1999). The Court found that the attorney's and his secretary's negligence in filing a timely answer constituted excusable neglect. Id. at 1202.

The neglect in the Weinraubs situation also appears to stem from counsel's negligence.[1] Mr. Kaiser, their attorney, failed to file the payment advices given to him by the Debtors nor did he file a chapter 13 plan or a motion to extend the deadline to file. *See* Case #06-13593, C.P. 16 at paragraph 23-24. The failure to file any of the above, led to the dismissal in the second case (#06-13593, C.P. 12). On September 5, 2006 the Debtors did file a chapter 13 plan (Case# 06-13593, C.P. 14), along with the Emergency Motion to Reconsider (Case# 06-13593, C.P. 16). Furthermore, the debtors turned over the necessary documents to their lawyer, Mr. Kaiser, under the belief he would file them. Case #06-13593, C.P.16 paragraph 23-24; *see also In re: Layne*, Case # 05-23122, C.P. 46 Exhibit A, at 18 (Letter, Aug. 28, 2006 from Mr. Weinraub to Trustee Weiner stating "[t]here were papers he was Supposed [sic] to file on August 16th and he did not file them.").

Thus, it is excusable neglect on the part of the Weinraubs to believe that documents given to their counsel would be filed in a timely fashion. Mr. Kaiser, in his unauthorized and withdrawn motion, (*See* Case #06-13593, C.P. 18) states that the lack of filing of the required papers was due to "inadvertence and /or excusable neglect" and that the documents were indeed taken to the court house. Case #06-13593, C.P.15. Furthermore, the failure of Mr. Kaiser on August 1, 2006 to file all of the required papers was beyond the control of the Debtors. This oversight, is in the same or a lesser class and category, then the neglect observed in *Greenberg* and *Walter*. *See Greenberg v. Rhino Cellular*, No.06-10328, 2006 U.S. App. LEXIS 14266, (11th Cir. 2006) *and Walter v. Blue Cross & Blue Shield United,* 181 F.3d 1198, (11th Cir. 1999).

Finally, the last factor is whether the debtor acted in good faith. *See Pioneer* 507 U.S. at

---

[1] Mr. Kaiser, has been noticed for a hearing on a motion to Show Cause as to Whether Jeffery P. Kaiser, Esquire, Should be Suspended From Practice Before the Court, Reprimanded or Otherwise Disciplined. Among the exhibits included in the Trustee's motion is correspondence from Mr. Weinraub to the Chapter 13 Trustee asking among other things "Is there any way your office can call me and let me know if my lawyer shows up for my hearing?" *See In re: Layne* Case 05-23122, C.P.46 exhibit A, pg.10. (Letter, June 14 2006, from Mr. Jeff Weinraub to Trustee Weiner).

395. There is nothing in the record to suggest that the Debtors acted in a deliberate manner that is suggestive of anything other then good faith. It appears that with respect to the August 22, 2006 Dismissal (Case #06-13593, C.P. 12) there was simple human negligence in filing the documents, which were subsequently produced within a short time frame. As such there is nothing to suggest that the Debtors have engaged in pattern that would constitute bad faith.

Accordingly, it is

### ORDERED AND ADJUDGED

1. that Debtors Jeff M. Weinraub and Enid Weinraub Motion to Amend Dismissal Order is **granted** to the extent that Order of Dismissal (Case #06-13593, C.P. 12) is amended only to vacate the prejudice period.

###

The Clerk of the Court shall serve copies to:

Jeff M. Weinraub
Enid Weinraub
Sherri B. Simpson, Esq.
Jeffery P. Kaiser, Esq.
Frances D. Sheehy, Esq.
Harry Winston, Trustee of Weinraub Trust
Florida Foreclosure Alternative
Assistant United States Trustee